**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KEITH E. YATES, as independent** | ) | |
| **executor of The Estate of Geraldine T. Yates,** | ) | |
| **deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 09 CV 5507** |
| | ) | **Judge Charles P. Kocoras** |
| **v.** | ) | **Magistrate Judge Susan E. Cox** |
| | ) | |
| **SUNRISE SENIOR LIVING, INC., an** | ) | **Circuit Court of Cook County** |
| **Illinois corporation, SUNRISE SENIOR** | ) | **No. 09 L 009398** |
| **LIVING, INC. d/b/a SUNRISE OF PALOS** | ) | |
| **PARK and SUNRISE SENIOR LIVING** | ) | |
| **MANAGEMENT, INC. a Virginia Corporation** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the plaintiff, **KEITH E. YATES, as independent executor of The Estate of Geraldine T. Yates, deceased**, by attorney Christopher T. Theisen of the law firm of THEISEN & ROCHE, LTD. and complaining against the defendants, **SUNRISE SENIOR LIVING, INC., an Illinois corporation, SUNRISE SENIOR LIVING, INC. d/b/a SUNRISE OF PALOS PARK and SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation**, states as follows:

**COUNT I**

**STATUTORY VIOLATION OF NURSING HOME CARE ACT**
**Sunrise Senior Living, Inc.**

1.      At all times relevant herein, defendant, Sunrise Senior Living, Inc., was a corporation which operated an assisted living facility known as Sunrise of Palos Park in Palos

Park, Illinois and which held itself out to the public as an assisted living facility which provides services and care to aging persons.

      2.     At all times relevant herein, there was in full force and effect, a statute known as "The Nursing Home Care Act," as amended (the "Act"), 210 ILCS 45/1-101 et seq. and the facility operated by the defendant was a "facility" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

      3.     At all times relevant herein, the facility received payment from Medicare to provide nursing home care, treatment and related services, and was subject to the requirements of 42 USCA Section 1396r (1990) et. seq., as amended by the Omnibus Budget Reconciliation Act of 1987 (OBRA) and Volume 42, Code of Federal Regulations, part 483 setting forth Medicare and Medicaid requirements for long-term facilities (OBRA Regulations), as effective on October 1, 1990.

      4.     At all times herein, the facility operated by defendant was a "nursing facility" as defined by 42 USCA, Section 1396r.

      5.     At all times relevant herein, plaintiff's decedent, Geraldine T. Yates, was a resident of Sunrise Senior Living, Inc., specifically including, but not limited to, October 4, 2005 to November 27, 2007.

      6.     Defendant, Sunrise Senior Living, Inc., was contractually responsible for providing certain health, medical and assistive services to plaintiff during the period of time that plaintiff was a resident of defendant's facility.

7.     Defendant, Sunrise Senior Living, Inc., owed a duty to the plaintiff to refrain from any acts or omissions that would cause harm, danger or risk to the health or welfare of plaintiff. Despite said duties, and in direct violation thereof, defendant, Sunrise Senior Living, Inc., through its employees, agents and servants, negligently breached said duties in one or more or all of the following ways:

    (a)     failed to provide and secure appropriate services, level of service and type of service with appropriate skill to resident in violation of 210 ILCS 9/75;

    (b)     failed to provide required assistance to plaintiff descending stairs at the Sunrise of Palos Park assisted living facility;

    (c)     negligently failed to assist and monitor a resident it knew or should have known had a history of or propensity for falls;

    (d)     failed to follow its plan of care for its patient, Geraldine Yates, leading to her fall and serious injuries on or about November 27, 2007;

    (e)     placed plaintiff on the second floor of its facility without accommodating her known risk of falling on stairs.

8.     As a direct and proximate result of one or more or all of the aforementioned negligent acts or omissions of the defendant, Sunrise Senior Living, Inc., the plaintiff's decedent, Geraldine T. Yates, did suffer serious injuries of a personal and pecuniary nature including, but not limited to, great pain and suffering before her death, and medical expenses, subjecting the defendant to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Act.

**WHEREFORE**, the plaintiff, **KEITH E. YATES, as independent executor of The Estate of Geraldine T. Yates, deceased**, prays for judgment against the defendant, **SUNRISE SENIOR LIVING, INC**., an Illinois corporation, for violations of the Illinois Nursing Home Care Act, in an amount in excess of **FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00)**, attorney's fees and costs pursuant to the Act, and any other such relief that this

court deems equitable.

## COUNT II

## STATUTORY VIOLATION OF NURSING HOME CARE ACT
### Sunrise Senior Living, Inc. d/b/a Sunrise
### of Palos Park

9.     At all times relevant herein, defendant, Sunrise Senior Living, Inc. d/b/a Sunrise of Palos Park, was a corporation which operated an assisted living facility known as Sunrise of Palos Park in Palos Park, Illinois and which held itself out to the public as an assisted living facility which provides services and care to aging persons.

10.     At all times relevant herein, there was in full force and effect, a statute known as "The Nursing Home Care Act," as amended (the "Act"), 210 ILCS 45/1-101 et seq. and the facility operated by the defendant was a "facility" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

11.     At all times relevant herein, the facility received payment from Medicare to provide nursing home care, treatment and related services, and was subject to the requirements of 42 USCA Section 1396r (1990) et. seq., as amended by the Omnibus Budget Reconciliation Act of 1987 (OBRA) and Volume 42, Code of Federal Regulations, part 483 setting forth Medicare and Medicaid requirements for long-term facilities (OBRA Regulations), as effective on October 1, 1990.

12.     At all times herein, the facility operated by defendant was a "nursing facility" as defined by 42 USCA, Section 1396r.

13.     At all times relevant herein, plaintiff's decedent, Geraldine T. Yates, was a

-4-

resident of Sunrise Senior Living, Inc. d/b/a Sunrise of Palos Park specifically including, but not limited to, October 4, 2005 to November 27, 2007.

14.     Defendant, Sunrise Senior Living, Inc. d/b/a Sunrise of Palos Park, was contractually responsible for providing certain health, medical and assistive services to plaintiff during the period of time that plaintiff was a resident of defendant's facility.

15      Defendant, Sunrise Senior Living, Inc. d/b/a Sunrise of Palos Park, owed a duty to the plaintiff to refrain from any acts or omissions that would cause harm, danger or risk to the health or welfare of plaintiff.  Despite said duties, and in direct violation thereof, defendant, Sunrise Senior Living d/b/a Sunrise of Palos Park, through its employees, agents and servants, negligently breached said duties in one or more or all of the following ways:

(a)     failed to provide and secure appropriate services, level of service and type of service with appropriate skill to resident in violation of 210 ILCS 9/75;

(b)     failed to provide assistance to plaintiff descending a staircase at the Sunrise of Palos Park assisted living facility;

(c)     negligently failed to assist and monitor a resident it knew or should have known had a history of or propensity for falls;

(d)     failed to follow its plan of care for its patient, Geraldine Yates, leading to her fall and serious injuries on or about November 27, 2007;

(e)     placed plaintiff on the second floor of its facility without accommodating her known risk of falling on stairs.

16.     As a direct and proximate result of one or more or all of the aforementioned negligent acts or omissions of the defendant, Sunrise Senior Living, Inc. d/b/a Sunrise of Palos Park, the plaintiff's decedent, Geraldine T. Yates, did suffer serious injuries of a personal and pecuniary nature including, but not limited to, great pain and suffering before her death, and

medical expenses, subjecting the defendant to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Act.

**WHEREFORE**, the plaintiff, **KEITH E. YATES, as independent executor of The Estate of Geraldine T. Yates, deceased**, prays for judgment against the defendant, **SUNRISE SENIOR LIVING, INC. d/b/a SUNRISE OF PALOS PARK**, for violations of the Illinois Nursing Home Care Act, in an amount in excess of **FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00)**, attorney's fees and costs pursuant to the Act, and any other such relief that this court deems equitable.

## COUNT III

## STATUTORY VIOLATION OF NURSING HOME CARE ACT
### Sunrise Senior Living Management, Inc.

17.     At all times relevant herein, defendant, Sunrise Senior Living Management, Inc., was a corporation which owned, operated or managed a long-term nursing care facility known as Sunrise of Palos Park in Palos Park, Illinois and which held itself out to the public as a nursing or assisted living facility which provides services and care to aging persons.

18.     At all times relevant herein, there was in full force and effect, a statute known as "The Nursing Home Care Act," as amended (the "Act"), 210 ILCS 45/1-101 et seq. and the facility operated by the defendant was a "facility" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

19.     At all times relevant herein, the facility received payment from Medicare to provide nursing home care, treatment and related services, and was subject to the requirements of 42 USCA Section 1396r (1990) et. seq., as amended by the Omnibus Budget Reconciliation

-6-

Act of 1987 (OBRA) and Volume 42, Code of Federal Regulations, part 483 setting forth

Medicare and Medicaid requirements for long-term facilities (OBRA Regulations), as effective

on October 1, 1990.

20.     At all times herein, the facility operated by defendant was a "nursing facility" as

defined by 42 USCA, Section 1396r.

21.     At all times relevant herein, plaintiff's decedent, Geraldine T. Yates, was a

resident of  Sunrise Senior Living Management, Inc.'s facility, specifically including, but not

limited to, October 4, 2005 to November 27, 2007.

22.     Defendant, Sunrise Senior Living Management, Inc., was contractually

responsible for providing certain health, medical and assistive services to plaintiff during the

period of time that plaintiff was a resident of defendant's facility.

23.     Defendant, Sunrise Senior Living Management, Inc. owed a duty to the plaintiff

to refrain from any acts or omissions that would cause harm, danger or risk to the health or

welfare of plaintiff.  Despite said duties, and in direct violation thereof, defendant,  Sunrise

Senior Living Management, Inc., through its employees, agents and servants, negligently

breached said duties in one or more or all of the following ways:

    (a)     failed to provide and secure appropriate services, level of service
and type of service with appropriate skill to resident in violation of
210 ILCS 9/75;

    (b)     failed to provide assistance to plaintiff descending a staircase at the
Sunrise of Palos Park assisted living facility;

    (c)     negligently failed to monitor and assist a resident it knew or should
have known had a history of or propensity for falls;

    (d)     failed to follow its plan of care for its patient, Geraldine Yates, leading to
her fall and serious injuries on or about November 27, 2007;

-7-

(e)     placed plaintiff on the second floor of its facility without accommodating her known risk of falling on stairs..

24.     As a direct and proximate result of one or more or all of the aforementioned negligent acts or omissions of the defendant,  Sunrise Senior Living Management, Inc., the plaintiff's decedent, Geraldine T. Yates, did suffer serious injuries of a personal and pecuniary nature including, but not limited to, great pain and suffering before her death, and medical expenses, subjecting the defendant to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Act.

**WHEREFORE**, the plaintiff, **KEITH E. YATES, as independent executor of The Estate of Geraldine T. Yates, deceased**, prays for judgment against the defendant,  **SUNRISE SENIOR LIVING MANAGEMENT, INC., a Virginia Corporation**, for violations of the Illinois Nursing Home Care Act, in an amount in excess of **FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00)**, attorney's fees and costs pursuant to the Act, and any other such relief that this court deems equitable.

## COUNT IV

### STATUTORY VIOLATION OF NURSING HOME CARE ACT
### Sunrise Senior Living Management, Inc.
(Survival Act)

25.     At all times relevant herein, defendant, Sunrise Senior Living Management, was a corporation which owned, operated or managed an assisted living facility known as Sunrise of Palos Park in Palos Park, Illinois and which held itself out to the public as an assisted living facility which provides services and care to aging persons.

26.     At all times relevant herein, there was in full force and effect, a statute known as "The Nursing Home Care Act," as amended (the "Act"), 210 ILCS 45/1-101 et seq. and the

facility operated by the defendant was a "facility" as defined by 45/1-113 of the Act and was subject to the requirements of the Act and the regulations of the Illinois Department of Public Health promulgated pursuant to the Act.

27.     At all times relevant herein, the facility received payment from Medicare to provide nursing home care, treatment and related services, and was subject to the requirements of 42 USCA Section 1396r (1990) et. seq., as amended by the Omnibus Budget Reconciliation Act of 1987 (OBRA) and Volume 42, Code of Federal Regulations, part 483 setting forth Medicare and Medicaid requirements for long-term facilities (OBRA Regulations), as effective on October 1, 1990.

28.     At all times herein, the facility operated by defendant was a "nursing facility" as defined by 42 USCA, Section 1396r.

29.     At all times relevant herein, plaintiff's decedent, Geraldine T. Yates, was a resident of Sunrise Senior Living, Inc., specifically including, but not limited to, October 4, 2005 to November 27, 2007.

30.     Defendant,  Sunrise Senior Management, was contractually responsible for providing certain health, medical and assistive services to plaintiff during the period of time that plaintiff was a resident of defendant's facility.

31.     Defendant,  Sunrise Senior Living Management, owed a duty to the plaintiff to refrain from any acts or omissions that would cause harm, danger or risk to the health or welfare of plaintiff.  Despite said duties, and in direct violation thereof, defendant, Sunrise Senior Living Management, Inc., through its employees, agents and servants, negligently breached said duties in one or more or all of the following ways:

(a)     failed to provide and secure appropriate services, level of service and type of service with appropriate skill to resident in violation of 210 ILCS 9/75;

(b)     failed to provide required assistance to plaintiff during a fire drill at the Sunrise of Palos Park assisted living facility;

(c)     negligently failed to assist a resident it knew or should have known had a history of or propensity for falls;

(d)     failed to follow its plan of care for its patient, Geraldine Yates, leading to her fall and serious injuries on or about November 27, 2007;

(e)     placed plaintiff on the second floor of its facility without accommodating her known risk of falling on stairs.

32.     As a direct and proximate result of one or more or all of the aforementioned negligent acts or omissions of the defendant, Sunrise Senior Living Management, the plaintiff's decedent, Geraldine T. Yates, did suffer serious injuries of a personal and pecuniary nature including, but not limited to, great pain and suffering before her death, and medical expenses, subjecting the defendant to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Act.

**WHEREFORE**, the plaintiff, **KEITH E. YATES, as independent executor of The Estate of Geraldine T. Yates, deceased**, prays for judgment against the defendant, **SUNRISE SENIOR LIVING MANAGEMENT, INC**., **a Virginia Corporation**, for plaintiff's decedent's pain, suffering, limitations, and medical expenses incurred prior to her death, in an amount in excess of **FIFTY THOUSAND AND 00/100 DOLLARS**

Respectfully submitted

**THEISEN & ROCHE, LTD.**

By:_____
    Christopher T. Theisen
    Attorney for Plaintiff

**THEISEN & ROCHE, LTD.**
Attorneys for Plaintiff
2100 Manchester Road, Suite 201
Wheaton, IL   60187
(630) 871-9003 - PHONE
(630) 653-2525 - FAX
Atty. No. 41589

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KEITH E. YATES, as independent executor of The Estate of Geraldine T. Yates, deceased,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Civil Action No. 09 CV 5507** |
| **SUNRISE SENIOR LIVING, INC., an Illinois corporation, SUNRISE SENIOR LIVING, INC. d/b/a SUNRISE OF PALOS PARK and SUNRISE SENIOR LIVING MANAGEMENT, INC. a Virginia Corporation** | ) ) ) ) ) ) ) | **Circuit Court of Cook County No. 09 L 009398** |
| **Defendants.** | ) | |

# AFFIDAVIT OF DAMAGES
## SUPREME COURT RULE 222

The undersigned being first duly sworn upon oath, deposes and states that he is the attorney for Plaintiffs to the above entitled cause of action seeking money damages or collection of taxes and that this cause of action.

☐    does not exceed $50,000.00

☒    does exceed $50,000.00

_____
Christopher T. Theisen
Attorney for Plaintiff

Sworn and subscribed to before
me this _____ day of
_____, 20___.

_____
Notary Public

-12-